TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8536
     Facsimile: (213) 894-0141
     E-mail:   kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>DAVID RICHARD TSCHERNY,<br><br>             Defendant. | No. CR 21-00351-AB-2<br><br>PLEA AGREEMENT FOR DEFENDANT<br>DAVID RICHARD TSCHERNY |

1.    This constitutes the plea agreement between DAVID RICHARD TSCHERNY ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

     a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and two of the indictment in United States v. JOHNNY RAY GASCA and DAVID

RICHARD TSCHERNY, No. CR 21-00351-AB, which charge defendant with Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1), (a)(2); 7(3); 2(a); and Interference with Commerce by Extortion, in violation of 18 U.S.C. §§ 1951(a); 2(a).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Make a payment by certified check or money order to the Fiscal Clerk of the Court in the total amount of $1,000 to be applied to satisfy defendant's anticipated criminal debt.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment

schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3.    Defendant further agrees to cooperate fully with the USAO, the Federal Bureau of Investigation ("FBI"), and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.    Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.    Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.    For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

THE USAO'S OBLIGATIONS

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

6.    The USAO further agrees:

a.    Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any

sentencing proceeding in any criminal case that may be brought
against defendant by the USAO, any Cooperation Information.
Defendant agrees, however, that the USAO may use both Cooperation
Information and Plea Information: (1) to obtain and pursue leads to
other evidence, which evidence may be used for any purpose, including
any criminal prosecution of defendant; (2) to cross-examine defendant
should defendant testify, or to rebut any evidence offered, or
argument or representation made, by defendant, defendant's counsel,
or a witness called by defendant in any trial, sentencing hearing, or
other court proceeding; and (3) in any criminal prosecution of
defendant for false statement, obstruction of justice, or perjury.

          b.   Not to use Cooperation Information against defendant
at sentencing for the purpose of determining the applicable guideline
range, including the appropriateness of an upward departure, or the
sentence to be imposed, and to recommend to the Court that
Cooperation Information not be used in determining the applicable
guideline range or the sentence to be imposed.  Defendant
understands, however, that Cooperation Information will be disclosed
to the United States Probation and Pretrial Services Office and the
Court, and that the Court may use Cooperation Information for the
purposes set forth in U.S.S.G. § 1B1.8(b) and for determining the
sentence to be imposed.

          c.   In connection with defendant's sentencing, to bring to
the Court's attention the nature and extent of defendant's
cooperation.

          d.   If the USAO determines, in its exclusive judgment,
that defendant has both complied with defendant's obligations under
paragraphs 2 and 3 above and provided substantial assistance to law

1    enforcement in the prosecution or investigation of another

2    ("substantial assistance"), to move the Court pursuant to U.S.S.G.

3    § 5K1.1 to fix an offense level and corresponding guideline range

4    below that otherwise dictated by the sentencing guidelines, and to

5    recommend a term of imprisonment within this reduced range.

6                    DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

7         7.   Defendant understands the following:

8              a.   Any knowingly false or misleading statement by

9    defendant will subject defendant to prosecution for false statement,

10   obstruction of justice, and perjury and will constitute a breach by

11   defendant of this agreement.

12             b.   Nothing in this agreement requires the USAO or any

13   other prosecuting, enforcement, administrative, or regulatory

14   authority to accept any cooperation or assistance that defendant may

15   offer, or to use it in any particular way.

16             c.   Defendant cannot withdraw defendant's guilty pleas if

17   the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a

18   reduced guideline range or if the USAO makes such a motion and the

19   Court does not grant it or if the Court grants such a USAO motion but

20   elects to sentence above the reduced range.

21             d.   At this time the USAO makes no agreement or

22   representation as to whether any cooperation that defendant has

23   provided or intends to provide constitutes or will constitute

24   substantial assistance.  The decision whether defendant has provided

25   substantial assistance will rest solely within the exclusive judgment

26   of the USAO.

27             e.   The USAO's determination whether defendant has

28   provided substantial assistance will not depend in any way on whether

                                     6

the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

<u>NATURE OF THE OFFENSES</u>

8.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Kidnapping, in violation of Title 18, United States Code, Sections 1201(a)(1), (a)(2), 7(3), and 2(a), the following must be true: (1) defendant seized, confined, inveigled, kidnapped, abducted, or carried away the victim; (2) defendant held the victim against his or her will; and (3) defendant used any means or instrumentality of intestate commerce in committing or in furtherance of the offense, or the seizure, confinement, inveigling, kidnapping, abduction, or carrying away of the victim occurred within the Special Territorial and Maritime Jurisdiction of the United States.

9.   Defendant further understands that for defendant to be guilty of the crime charged in count two, that is, Interference with Commerce by Extortion, in violation of Title 18, United States Code, Sections 1951(a), 2(a), the following must be true: (1) defendant induced or intended to induce the victim to part with property by the wrongful use of actual or threatened force, violence, or fear; (2) defendant obtained the property with the victim's consent; (3) defendant acted with the intent to obtain the property; and (4) commerce from one state to another was affected in some way.

10.   Defendant further understands that for defendant to be found guilty of Kidnapping or Interference with Commerce by Extortion based on an aiding and abetting theory, the following must be true: (1) someone else committed the crimes of Kidnapping or Interference

with Commerce by Extortion; (2) defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Kidnapping or Interference with Commerce by Extortion; (3) defendant acted with the intent to facilitate Kidnapping or Interference with Commerce by Extortion; and (4) defendant acted before the crime was completed.

<u>PENALTIES AND RESTITUTION</u>

11.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1201(a)(1), (a)(2), 7(3), and 2(a), is: life imprisonment; a 5-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12.  Defendant further understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1951(a), 2(a), is: twenty years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

13.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a 5-year period of supervised release; a fine of $500,000; and a mandatory special assessment of $200.

14.  Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's

compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $1,000 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

15. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

16. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

17.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

18.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying

criminal conduct or all facts known to either party that relate to that conduct.

On or about July 19, 2021, in Los Angeles and Orange Counties, within the Central District of California, and at the West Los Angeles Veterans Administration Medical Center (the "West L.A. V.A."), a place within the special maritime and territorial jurisdiction of the United States, defendant and his co-defendant, JOHNNY RAY GASCA, each aiding and abetting the other, did knowingly, willfully, and unlawfully seize, confine, inveigle, kidnap, abduct, and carry away victim E.C., and held victim E.C. for any reason. Defendant and GASCA also used a means, facility, and instrumentality of interstate and foreign commerce, namely, defendant's gold Ford F150 truck, in committing and in furtherance of the kidnapping.

Further, on or about July 19, 2021, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant and GASCA, each aiding and abetting the other, obstructed, delayed, and affected interstate commerce by knowingly and willingly committing extortion, in that defendant and GASCA obtained property consisting of approximately $17,504.80 from victim E.C.'s JPMorgan Chase, N.A., checking account, with victim E.C.'s consent induced by the wrongful use of actual and threatened force, violence, and fear, to victim E.C.

Specifically, on or about July 19, 2021, defendant drove GASCA to the West L.A. V.A. and waited for E.C. in the parking lot. After E.C. began walking through the West L.A. V.A. parking lot, GASCA got out of defendant's gold Ford F150 truck and walked over toward E.C. GASCA then pushed E.C. toward another part of the parking lot where defendant had pulled up in his gold Ford F150 truck. Once GASCA and

E.C. got to the truck, GASCA opened the rear passenger door, picked E.C. up, and threw her in the rear passenger seat.  GASCA then got in the front passenger seat of the gold Ford F150 and defendant drove away.

After GASCA told defendant that he needed to get money from Chase, defendant drove GASCA and E.C. to a JPMorgan Chase Bank branch in Los Alamitos, California (the "Los Alamitos Chase"), and waited in the truck while GASCA and E.C. went inside.  Some minutes later, GASCA and E.C. returned to the truck and GASCA told defendant to drive them to a Social Security Administration office to obtain identification documents for E.C.  Defendant then drove GASCA and E.C. to the Social Security Administration Office and, after E.C. had obtained the necessary documents, back to the Los Alamitos Chase. GASCA and E.C. then went back into the Los Alamitos Chase, closed E.C.'s account, and withdrew $17,504.80 from the closed account. Upon returning to the gold Ford F150 with E.C., GASCA paid defendant $1,000 cash.  Defendant then drove GASCA and E.C. to John Wayne International Airport in Santa Ana, California, and, after GASCA failed to find suitable flights to New York, to Los Angeles International Airport.

SENTENCING FACTORS

19.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

20.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 32 | U.S.S.G. § 2A4.1(a) |
| Mitigating Role: | -3 | U.S.S.G. § 3B1.2 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

21.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

23.  Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.  The right to persist in a plea of not guilty.

        b.  The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

24.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

25.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

26.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 78 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $1,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the conditions of probation or supervised release imposed by the Court.

27. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 46 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $1,000.

## RESULT OF WITHDRAWAL OF GUILTY PLEAS

28. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding

sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

30. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

31. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.   If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas.

b.   The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d.   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any

Cooperation Information or any Plea Information should be suppressed or is inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

32.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations set forth above are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one –– not the prosecutor, defendant's attorney, or the Court –– can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2   '36.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    United States Attorney

9

10  _____          12/28/2021
    KEVIN B. REIDY                    Date
11  Assistant United States Attorney

12  _____          28DEC21  28DEC21
    DAVID RICHARD TSCHERNY             Date
13  Defendant

14  _____          12/28/21
    ROBERT M. BERNSTEIN               Date
15  Attorney for Defendant
    DAVID RICHARD TSCHERNY

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          28 DEC 21
DAVID RICHARD TSCHERNY                      Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am DAVID RICHARD TSCHERNY's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

ROBERT M. BERNSTEIN                                    12/28/21
Attorney for Defendant                                  Date
DAVID RICHARD TSCHERNY

23